1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   GREGORY H. BROOKS,

12            Plaintiff,                  No. 2:12-CV-2536 AC P

13        vs.

14   CALIFORNIA DEPT. OF
     CORRECTIONS AND
15   REHABILITATION, et al.

16            Defendants.                  <u>ORDER</u>

17   _____/

18            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

19   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

20   pauperis.  Plaintiff has consented to the jurisdiction of the undersigned.  <u>See</u> ECF No. 5.

21            Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5  U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in

13  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

14  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.

16  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

17  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

18  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

19        A complaint must contain more than a "formulaic recitation of the elements of a

20  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

22  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

23  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

24  Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

25  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

26  566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

1  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2  that the defendant is liable for the misconduct alleged."  Id.

3        In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

6  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7                    Summary of Complaint

8        Plaintiff alleges that, on July 26, 2012, defendants California Department of

9  Corrections and Rehabilitation and Prison Industry Authority negligently issued to him prison

10  soap which contained a carcinogen, in violation of California state law.  ECF No. 1 at 1.

11  Plaintiff alleges that he "relied on the state (PIA) soap to clean him[self]."  Id. at 2.  Plaintiff

12  claims that the soap was recalled on July 29, 2012.  Id.  There is no information in the complaint

13  about the number of times plaintiff used the soap between July 26, 2012, when defendants issued

14  the soap to plaintiff, and July 29, 2012, when the soap was recalled.

15        Plaintiff claims that "the Toxic (PIA) soap reaching vital organs has caused an

16  unknown LONG TERM damage due to its IRREVERSABLE state" and that he now suffers

17  mental anguish because he relied on the state soap to clean himself.  See ECF No. 1 at 2.

18  Plaintiff claims that he has suffered the following symptoms: "Frequent Urination, Nighttime

19  Urination, Bone Aches, Headaches, and Changing of the Skin.  Consistent with Bladder, Lung,

20  Neorologic, and Muscular Cancer."  Id. at 8.  Plaintiff alleges that he will suffer from "LONG

21  TERM unknown damage due to the negligence of the defendant supplying TOXIC soap...." and

22  seeks damages of $500,000 and compassionate release.  Id. at 3, 8.

23                    Analysis

24                    State Defendants

25        In his complaint plaintiff does not identify those parties whom he seeks to name

26  as defendants.  In his caption, though, he has named as defendants the California Department of

1   Corrections and Rehabilitation ("CDCR") and the Prison Industrial Authority ("PIA").  <u>See</u> ECF

2   No. 1 at 1.

3          The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

4   parties against a state or state agency unless the state or the agency consents to such suit.  <u>See</u>

5   <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)(per curiam);

6   <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of

7   California has not consented to suit.  Accordingly, plaintiff's claims against CDCR and the PIA

8   are frivolous and must be dismissed.

9                          *Exhaustion*

10         Title 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with

11   respect to prison conditions under section 1983 of this title, or any other Federal law, by a

12   prisoner confined in any jail, prison, or other correctional facility until such administrative

13   remedies as are available are exhausted."  <u>See</u> also <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6

14   (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through

15   administrative avenues.")

16         On the current record, there is no indication that plaintiff has exhausted, or

17   otherwise attempted to exhaust, his administrative remedies.

18         Plaintiff's complaint will be dismissed with leave to amend.  <u>See</u> 42 U.S.C.

19   § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

21   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

22   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

23   there is some affirmative link or connection between a defendant's actions and the claimed

24   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

25   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

26   vague and conclusory allegations of official participation in civil rights violations are not

4

1  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

3  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

4  complaint be complete in itself without reference to any prior pleading.  This is because, as a

5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9         Accordingly, IT IS HEREBY ORDERED that:

10        1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted;

11        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14  Director of the California Department of Corrections and Rehabilitation filed concurrently

15  herewith.

16        3.  The complaint is dismissed for the reasons discussed above, with leave to file

17  an amended complaint within thirty (30) days from the date of service of this order.  Failure to

18  file an amended complaint will result in a recommendation that the action be dismissed.

19  DATED: February 15, 2013.

21  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

AC:rb/broo2536.B

5